**FILED**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SEP 1 0 2020

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) 4:20CR538 JAR/SPM |
| BEAU TAYLOR, | ) |
| Defendant. | ) |

## MOTION FOR PRE-TRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Catherine M. Hoag, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.

As and for its grounds, the United States of America states as follows:

1. Defendant is charged with felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g);

2. Pursuant to Title 18, United States Code, Section 3142(g), the nature of the charges against the defendant, the weight of the evidence against defendant, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by defendant's release additionally warrant defendant's detention pending trial.

3.  As stated above, the defendant is charged with felon in possession of a firearm, which is a crime that involves a firearm, as enumerated in Title 18, United States Code, Section 3142(g)(1), which weighs in favor of detention.

4.  Additionally, the evidence in this case is strong. Officers executed a search warrant of defendant's home. During the search, officers located two separate firearms, one in the kitchen and the second in the basement. Officers also located an extensive amount of stolen property relating to recent burglaries in the area. In the garage on the property, officers found a large quantity of ammunition and firearms parts. The defendant completed a written statement wherein he denied ownership of the guns, but admitted to knowing the guns were in his home. He further stated that the shotgun was at the house for protection.

5.  Defendant's criminal history includes two prior felony convictions for possession of a controlled substance, prior convictions for felony stealing, and a prior conviction for unlawful use of a weapon. It should also be noted that the defendant has pending charges for possession of a controlled substance and possession of drug paraphernalia, as well as another pending case involving a misdemeanor domestic assault. Defendant's probation in his felony stealing case was ultimately revoked for failing to complete treatment court and failing to report as directed, which indicates that he is not amenable to the terms of supervision. Finally, the defendant was on parole at the time of the current offense, as well as at the time of his other pending matters. The nature and extent of the defendant's criminal history, as well as the fact that he is committing new crimes while under supervision, demonstrates that he is not amenable to the terms of supervision and would not be a good candidate for pretrial release.

6.  Defendant's behavior during the execution of the search warrant also weighs in favor of detention. When officers approached the home, officers deployed a Noise Flash Diversionary Device (flash bang) in the front of the home and used a PA system to issue commands for the residents

to exit the home. A second flash bang was deployed, but the defendant still did not exit for several minutes. When the defendant finally did exit the residence, he was yelling obscenities and would not fully comply with the officers' directives. The defendant refused to keep his hands raised and approached the officers in an aggressive manner, causing them to utilize a "sock round" shotgun to immobilize him. Only once he was restrained did the defendant become compliant. Defendant's unwillingness to cooperate and his aggressive behavior towards the officers indicate that he is not amenable to the terms of supervised release.

7. The nature and extent of the defendant's behavior with regard to the stolen property should also be taken into account. According to the officer handling the state-level theft charges, the defendant stole items from more than 15 different victims. It took the detective over a month to contact all of the victims that he was able to identify to return items to them. While the defendant did show remorse and cooperated with the police in identifying some locations of the thefts, the sheer volume of stolen items recovered from his home indicates the high risk of harm he presents to the community, especially considering that the defendant has been convicted of felony stealing in the past.

WHEREFORE, the Government requests this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

/s/ *Catherine M. Hoag*
CATHERINE M. HOAG #67500(MO)
Assistant United States Attorney
catherine.hoag@usdoj.gov
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200